THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HILDA BUNDRICK,<br><br>               Plaintiff,<br><br>   v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign corporation, and RACHELLE MEADE, an individual,<br><br>               Defendants. | CASE NO. C20-1334-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Hilda Bundrick's motion to remand and for attorney fees (Dkt. No. 10) and Defendants' motion to dismiss (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiff's motion to remand and for attorney fees and DENIES without prejudice Defendants' motion to dismiss for the reasons explained herein.

## I.    BACKGROUND

Plaintiff Hilda Bundrick was rear-ended on January 16, 2015. (Dkt. No. 1-1 at 4.) The driver of the vehicle that struck Ms. Bundrick did not have sufficient liability insurance coverage to pay for all of Ms. Bundrick's damages. (*Id.* at 4–5.) What happened next is unclear. Ms.

1  Bundrick alleges that "Allstate learned about the crash . . . shortly after the collision occurred,"
2  but also states that she did not make a claim for uninsured motorist benefits until nearly five
3  years later, on December 18, 2019. (*Id.* at 4.) In any event, Ms. Bundrick alleges that once she
4  submitted the claim, Allstate and its claims adjuster, Rachelle Meade, failed to respond in a
5  timely manner thereby breaching their contract with Ms. Bundrick, their duty of good faith
6  toward her, and Washington's Insurance Fair Conduct Act ("IFCA"), Wash. Rev. Code
7  § 48.30.010, and Consumer Protection Act, Wash. Rev. Code § 19.86.020. (*Id.* at 5–10.)

8      Ms. Bundrick filed her complaint in Snohomish County Superior Court on August 3,
9  2020, (*id.* at 11), and, after being served on August 30, 2020, (Dkt. No. 1 at 7), Allstate timely
10 removed on September 8, 2020, alleging that the Court has diversity jurisdiction pursuant to 28
11 U.S.C. § 1332, (*id.* at 2).

12     Ms. Bundrick moves to remand because she and Ms. Meade are both residents of
13 Washington. (*See generally* Dkt. No. 10.) Ms. Bundrick also requests that the Court award her
14 attorney fees incurred in filing her motion. (*Id.* at 5–6.) Allstate concedes that Ms. Meade is a
15 Washington citizen and does not dispute that if her citizenship is considered, the Court lacks
16 subject-matter jurisdiction over this action. (*See* Dkt. No. 1 at 3.) However, Allstate argues that
17 the Court should disregard Ms. Meade's citizenship because she was fraudulently joined. (*See*
18 *generally id.*) Allstate also argues that fees are inappropriate even if the Court remands. (*See id.*
19 at 13.)

20 **II.   DISCUSSION**
21     **A.   Fraudulent Joinder**
22     "Diversity removal requires complete diversity, meaning that each plaintiff must be of a
23 different citizenship from each defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d
24 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, district courts may
25 disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*
26 "[T]he test for fraudulent joinder and failure to state a claim under Rule 12(b)(6) are not

equivalent." *Id.* at 549. Instead, the test for fraudulent joinder is much more stringent: "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" (*Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Allstate argues that there is no possibility a state court could conclude that Plaintiff's complaint states a claim against Ms. Meade because Ms. Meade was not a party to the insurance contract, IFCA applies only to insurers and not adjusters, and the Washington Supreme Court has held that insurance adjusters are not subject to a duty of good faith, which is necessary for Plaintiff's remaining claims. (*See* Dkt. No. 12 at 3–9.)

The Court recently examined this issue and concluded that the Washington Supreme Court's opinion in *Keodalah v. Allstate Insurance Company*, 449 P.3d 1040 (Wash. 2019) leaves open the possibility that an insurance adjuster may be subject to a duty of good faith under Washington common law. *See generally Fiorito v. Bankers Standard Ins. Co.*, 2020 WL 4333779, slip op. (W.D. Wash. 2020). Allstate urges the Court to reconsider its analysis in *Fiorito* but does not cite any intervening change in the law. In the absence of intervening authority, the Court declines to do so. Accordingly, for the reasons stated in *Fiorito*, the Court concludes that Ms. Meade was not fraudulently joined.

**B.    Attorney Fees**

"[A] court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare*, 889 F.3d at 552. "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable." *Id.* Although the undersigned has concluded that the Washington Supreme Court left open the possibility that insurance adjusters may be subject to a common law duty of good faith, the import of *Keodalah* is not entirely clear, and at least one other judge in this district appears to have interpreted

*Keodalah* differently. *See Kolova v. Allstate Ins. Co.*, 438 F.Supp.3d 1192, 1197 (W.D. Wash. 2020). Because the import of *Keodalah* is still unsettled, Allstate had an objectively reasonable basis for removing and an award of costs and attorney fees is not appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Hilda Bundrick's motion to remand (Dkt. No. 10) is GRANTED and her motion for attorney fees is DENIED. Defendants' motion to dismiss (Dkt. No. 7) is DENIED without prejudice as moot.

DATED this 2nd day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE